U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 0 8 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Williams | Civil Action No. 14-00941 |
| versus | Judge Richard T. Haik, Sr. |
| Adriatic Marine, LLC | Magistrate Judge C. Michael Hill |

**MEMORANDUM RULING**

Before the Court is a Motion For Summary Judgment filed by defendant, Adriatic Marine, LLC ("Adriatic Marine"), [Rec. Doc. 46], plaintiff, Erick E. Williams' ("Williams"), Opposition [Rec. Doc. 54] and Adriatic Marine's Reply thereto [Rec. Doc. 58]. For the following reasons, Adriatic Marine's Motion will be denied.

*I. Background*

Williams alleges he sustained personal injuries serving as a cook aboard a 170 foot supply vessel, the M/V MEDITERRANEAN on October 15, 2012. The vessel was operated by Adriatic Marine. On that date, the M/V MEDITERRANEAN was servicing a floating crane structure, VB10000, that was being towed by another vessel to Eugene Island Block 371, in the Gulf of Mexico. The M/V MEDITERRANEAN functioned as a service vessel and was proceeding at a speed of about 6 knots (half throttle) following behind the VB10000.

Williams was employed by Offshore Services of Acadiana, LLC to work aboard the M/V MEDITERRANEAN as a cook. His tour of duty at the time of the alleged accident was from September 23, 2012 through October 18, 2012. Prior to the alleged accident, Williams worked aboard the M/V MEDITERRANEAN for 23 days.

There were two cooks aboard the vessel. Williams was the night cook working from 6–6:30 p.m. to 6–6:30 a.m. The day cook was Eduardo Diaz who worked from 6–6:30 a.m. to 6–6:30 p.m. Both Williams and Diaz were in the galley at the time of the incident. At approximately 6:30–6:45 a.m., on October 15, 2012, Williams was finishing up his shift. Williams went to retrieve cornish hens from the freezer, which was not inside the gallery but out on the back deck in a temporary "Conex" container. Because the back deck was uncovered and open to the elements, the floor was wet. Williams had to walk across the wet deck from the galley to the Conex container and back to the galley. Williams re-entered the galley carrying an aluminum pan of 10 Cornish hens when he slipped and fell onto the galley floor.[1]

Williams testified he believed he fell because of the movement of the vessel caused by the bad weather. The logs of the vessel indicate that at the time of the incident the seas were 2-4 feet with occasional swells of 6 feet. Williams stated that the seas were rough enough for him to be seasick. Williams filed this action seeking damages against Adriatic Marine for negligence and gross negligence pursuant to the general maritime law, 28 U.S.C. § 1333.

## II. Summary Judgment Standard

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

---

[1] Diaz stated that he heard a "loud noise or boom" when Williams fell. *R. 46-5.* Captain Keith Deerman observed Williams lying on his back in the galley. *R. 46-3.*

2

Fed R. Civ P. 56(c); *Brown v. City of Houston*, 337 F.3d 539, 540–41 (5th Cir.2003). A material fact is a fact which, under applicable law, may alter the outcome of the suit. *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 271 F.3d 624, 626 (5th Cir.2001). A dispute is genuine when a reasonable finder of fact could resolve the issue in favor of either party, based on the evidence before it. See *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir.2013). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Prods. Liab. Litig.*, 501 F.Supp.2d 776, 781 (E.D.La.2007). When considering a motion for summary judgment, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir.2004). The non-moving party must then go beyond the pleadings and "identify specific evidence in the record and ... articulate the precise manner in which that evidence supports his or her claim." *Fuentes v. Postmaster Gen. of U.S. Postal Serv.*, 282 F. App'x 296, 300 (5th Cir.2008). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir.2002).

### III. Analysis

A vessel owner owes a duty to exercise reasonable care and ordinary prudence under the circumstances. This duty relates to conditions aboard the vessel over which the vessel owner had operational/actual control. *Baham v. Nabors Drilling USA, LP*, 721 F.Supp.2d

499, 508 (W.D.La.,2010).[2] Adriatic Marine moves the Court to dismiss plaintiff's claims of negligence contending that no issue of material fact exists as to its liability because there were no "conditions" aboard the vessel that caused or contributed to the alleged accident. In particular, Adriatic Marine contends that Williams has failed to identify any sea conditions at the time of Williams' fall which would be anything other than "expected and not unreasonable." *R. 46.* Rather, "Williams simply fell—allegedly—as a result of ordinary prevailing sea conditions that were not unusual for October in the Gulf of Mexico. *Id.*

In opposition to Adriatic Marine's contentions, Williams cites the report of Geoff Webster who was retained by plaintiff as a Marine Liability Expert in this matter. Webster states, "[in his opinion] one of the main reasons for Mr. Williams' incident was the lack of an appreciable nonskid surface on the floor of the galley, and or the lack of the type of proper slip resistant matting commonly used on galley floors." *R. 54-3, p. 8.* Webster bases his opinion, in part, on the deposition of Captain Keith Deerman acknowledging that the galley floor was not nonskid and that it was possible the floor could have become wet from Williams and Diaz walking outside on the wet deck to get food from the outside freezer, *R. 54-4, pp. 51-53; 57-58. Id. at p. 6.* Webster further opines that the weather conditions of 2 to 4 foot seas with occasional 6 foot swells would have produced waves of up to 11 feet at times—which would have a significant effect on the vessel's movement and may have

---

[2] To the extent *Scindia Steam Nav. Co. v. De Los Santos*, 451 U.S. 156 (1981) applies in this action, the Court finds that plaintiff's cause of action against the vessel is failing to use reasonable care "to intervene when the vessel owner knows of a serious hazard and the stevedore improvidently decides to ignore the risk."

contributed to Williams' fall.

In its reply, Adriatic Marine contends the Court should disregard Webster's testimony, stating that it plans to file a motion in limine and/or Daubert motion to exclude his testimony at the trial of this matter. In support of his contention, Adriatic Marine cites an Order from the Eastern District of Louisiana in which U. S. District Judge Nanette Jolivette Brown granted the defendant's motion in limine to limit Webster's testimony in part because his opinion was based on common sense and would not assist the jury at the trial. *R. 50, Exh. F.* Unlike Judge Brown's case, the trial of this matter will be tried by the Court. The Court is capable of accessing what evidence is helpful and what weight the evidence should be given at the time testimony is heard.

As to Adriatic Marine's argument that William's claims against it should be dismissed with prejudice because has come forward with no evidence that Adriatic Marine caused or contributed to the accident. A motion for summary judgment can only be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir.2007). Having reviewed the parties' memoranda and supporting evidence, as well as the applicable law, the Court will deny the Adriatic Marine's pending motion.

_____
Richard T. Haik, Sr.